CASE 47—PETITION ORDINARY—MARCH 22.

# City of Maysville v. Purnell.

APPEAL FROM MASON CIRCUIT COURT.

1. MUNICIPALITIES—STATUTORY CONSTRUCTION.—Under the provision of sec. 3492 of the Ky. Statutes, being part of the charter for cities of the fourth class, that "the board of council shall have power to appoint a police force, the number, grades, and all regulations thereof to be provided by ordinance from time to time," the council is empowered to appoint the regular police force and prescribe the number which shall constitute the same.

2. SPECIAL POLICEMEN—DUTIES OF CHIEF AS TO APPOINTMENT.—Under the provisions of sec. 3506 of the Ky. Statutes, being part of the charter for cities of the fourth class, the chief of police "may appoint * * * * special or extra police by, and with the advice of the mayor, or chief executive," such an appointment by the chief, with the approval of the mayor, of a special policeman, who serves for two months, is not considered an unreasonable length of time, and he is entitled to compensation therefor; but the chief of police can not defeat the purposes of the charter ɟ appointing a special policeman for a given time, and then reappointing him from time to time, for the purpose of keeping him in the regular service of the city.

E. L. WORTHINGTON FOR APPELLANT.

1. Section 3492 of Ky. Statutes plainly confers on the city council the right and duty to determine what number of policemen the city shall have, and who they shall be; if the mayor and chief of police have the power under the provisions of sec. 3506 to name and appoint other and additional policemen, and call them special policemen and keep them in the service indefinitely, they thereby over-ride the action of the council; the extra or special policemen referred to in the latter section were merely meant or intended to be appointed for a day or two at a time, upon an occasion of large crowds or unusual excitement in the city. Any other con-

struction would take from the council, powers expressly granted. to it by sec. 3492.

L. W. GALBRAITH OF COUNSEL ON SAME SIDE.

THOS. R. PHISTER FOR APPELLEE.

1. Sections 3492 and 3506 should, if possible, be so construed as to make them both effective; if we so construe them as to give the council under sec. 3492 the power to provide for the regular police force of the city, and the number thereof, and the chief of police, with the consent of the mayor, under the provisions of sec. 3506, the power to appoint extra or special policemen on special occasions for special purposes, the two sections will be harmonized and the manifest meaning of each fully carried out.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Section 3492 Kentucky Statutes reads as follows:

"The board of council shall have power to appoint a police force, the number, grades and all regulations thereof to be provided by ordinance from time to time, whose term of office shall not exceed two years from the date of election, subject to removal for cause." It is a part of the act which was passed for the government of cities of the fourth class. The city of Maysville is of that class. Pursuant to that section the board of council of the city of Maysville fixed the number of the police force at five, and appointed that number on the force. It is manifest from this section that the board of council were empowered to appoint the police force, and prescribe the number which should constitute the force. That section has reference to the regular police force of the city.

Section 3506 relates to the duties and powers of the

chief of police of the cities of the fourth class.   It reads
as follows:

.  .  .  .   "He may appoint a deputy or deputies, by
and with the advice and consent of the board of council,
and special or extra police, by and with the advice of
the mayor or chief executive; and said extra or special
police appointed for less than a week shall take the
oath prescribed by law, but shall not be required to exe-
cute bond."  .  .  .  .

This section authorizes the chief of police by and with
the advice of the mayor or chief executive to appoint
"special or extra police."    The General Assembly was
mindful of the fact that on some days or some occasions
the regular police force of the city might be insufficient
to protect the lives and property of the citizens of the
city, or to maintain order and preserve the public peace,
or that there might be some special work for a policeman
to perform; hence the chief of police with the advice of
the mayor or chief executive of the city, was authorized
to appoint extra or special policemen.   It was not in-
tended that the chief of police should have the power to
appoint regular policemen for the city, because that power
is expressly lodged with the board of councilmen.    If
the chief of police is vested with the power to appoint
whomsoever he pleases on the police force and place
them in the regular police service, then the board of
council's effort to appoint the police force and name the
number who shall serve, would be abortive.   The board
of council is not supposed to be in continuous session, and
occasions may arise where it is important that extra or

special policemen shall be appointed to serve, therefore the Legislature thought it wise to vest that power in the chief of police to be exercised by and with the advice of the mayor or chief executive of the city. The chief of police, as we have said, is not authorized to appoint, with the approval of the mayor, a policeman and place him in the regular police service of the city.

The appellee, Purnell, was appointed special policeman for the city by the chief of police with the approval of the mayor. No time was prescribed during which he should serve in that capacity. He served the city for two months, and this action was brought to recover compensation for that service. We can not say that the chief of police kept him in the service of the city for an unreasonable time, therefore, we are of the opinion that he is entitled to recover for the two months' service rendered the city as special policeman.   The chief of police could not defeat the purpose of that section of the law, which authorized him to appoint special or extra police, by appointing a special policeman for a given time, and then reappoint him from time to time for the purpose of keeping him in the regular service of the city as policeman; nor could such policeman be kept in continuous service by the chief of police, and compel the city to compensate him for such service. This would be a manifest violation of the law, and would deprive the board of council of the right to determine the number of policemen necessary to properly police the city.

The judgment is affirmed.